UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA LYNN FOX,

    Plaintiff,

v.

U.S. POSTAL SERVICE and
20 UNNAMED POSTAL EMPLOYEES,

    Defendants.

Case No. 18-cv-10901-LJM-SDD
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS**

    Cherunda Fox maintains that her former in-laws used their positions at the United States Postal Service to destroy her mail, to commit credit-card fraud, and to stop mail delivery to her house (including medicine). Based on these and several other alleged wrongs, Fox filed this lawsuit against the United States Postal Service (or the Postmaster General of the United States) and 20 unnamed USPS employees. Fox invokes the civil-action provisions of the Racketeer Influenced and Corrupt Organizations Act, the Civil Rights Acts of 1866 and 1964, the Americans with Disabilities Act, the Federal Constitution, and the Michigan Constitution.

    USPS has moved to dismiss Fox's complaint. (ECF No. 11.) Among Fox's several motions is a request for a default judgment. (ECF No. 12.)

    The pending motions (indeed, all pretrial matters) have been referred to Magistrate Judge Stephanie Dawkins Davis. She recommends that this Court dismiss Fox's claims about mail suspension and mail destruction for lack of subject-matter jurisdiction. And, in the Magistrate Judge's view, Fox's allegations do not make it plausible that any defendant is liable under RICO,

ADA, the Civil Rights Acts, and the Federal Constitution. The same is true of any claims Fox has against her in-laws. Finally, the Magistrate Judge recommends that this Court decline to exercise jurisdiction over Fox's state-law claims. (*See generally* ECF No. 26.)

Fox objects. Although Fox's objections are numerous (at first 26, then another 10 via a reply brief), they all relate to her belief that USPS moved to dismiss her complaint too late. In other words, Fox believes that her motion for default judgment should be granted.

To better understand Fox's timeliness claim, the procedural history of this case is useful. Fox filed this lawsuit and summons were issued on March 19, 2018. That very day, Fox used certified mail to send the U.S. Attorney General, the United States Postal Service, and the United States Attorney for the Eastern District of Michigan copies of her complaint and summons. (*See* ECF Nos. 4, 5, 6; ECF No. 28, PageID.152; ECF No. 17, PageID.68.) A few days later, Fox noticed that her mail still had not been delivered (despite, she says, the United States Attorney's office in Detroit being only a "2 minute car drive" from the post office she used). So on March 22, 2018, Fox personally went to the United States Attorney's office with copies of her complaint. (ECF No. 28, PageID.153.) There, she allegedly spoke with an Assistant United States Attorney by the name of Roberta Sisko. (ECF No. 28, PageID.139.) In at least one place in her filings, Fox says that Sisko told her that "they were already *served* electronically when I filed with the court 3-19-1[8]." (ECF No. 28, PageID.139.) USPS did not file its motion to dismiss until May 21, 2018. That was 63 days after the day Fox filed suit and mailed out her complaint.

Federal Rule of Civil Procedure 12 sets out the time to respond to a complaint. In a suit against the United States, a United States agency, or a United States employee or officer in his or her official capacity, the time to respond to the complaint is "60 days after service on *the United States attorney*." Fed. R. Civ. P. 12(a)(2) (emphasis added). In a suit against a United States

employee or officer in his or her individual capacity, the time to respond to the complaint is "60 days after service on the officer or employee or service on *the United States attorney*, whichever is later." Fed. R. Civ. P. 12(a)(3) (emphasis added). Thus, under either provision, USPS (or, perhaps, the Postmaster General of the United States) had at least 60 days from "service on the United States attorney." *See also Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011).

Federal Rule of Civil Procedure 4 provides insight into when Fox "serv[ed] . . . the United States attorney." Rule 4(i)(2) and 4(i)(3) provide that to serve a "United States agency or corporation" or a "United States officer or employee," the plaintiff must "serve the United States." In turn, a party can only "serve the United States" by doing two things (the first of which can be accomplished in three ways): (1)(a) "deliver[ing] a copy of the summons and complaint to *the United States attorney* for the district where the action is brought," or (b) "deliver[ing] a copy of the summons and complaint . . . to an assistant United States attorney or clerical employee whom *the United States attorney* designates in a writing filed with the court clerk," or (c) "send[ing] a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at *the United States attorney*'s office" and (2) sending a copy of the summons and complaint to the U.S. Attorney General in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1) (emphases added).

Thus, although Rule 4 uses the words "deliver" and "send" rather than "serve," it appears that Fox had three ways to complete "service on the United States attorney" as that phrase is used in Rule 12: "deliver" a copy of the summons and complaint to the United States attorney for the Eastern District of Michigan, "deliver" those documents to the assistant United States attorney or clerical employee listed in a filing with the Clerk of Court for the Eastern District of Michigan, or "send" it via registered or certified mail to the "civil-process clerk at the United States Attorney's

3

office." Completing any of those three would have started Rule 12's 60-day clock. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *Hastings v. United States Postal Service*, No. 16CV1259, 2017 WL 2936781, at *4 (S.D. Cal. July 10, 2017); *Vargas v. Potter*, 792 F. Supp. 2d 214, 217 (D.P.R. 2011).

First consider the two "deliver[y]" methods. In her objections, Fox says that she hand delivered her complaint (and the Court can grant Fox that she had summonses with her too) to an Assistant United States Attorney named "Roberta Sisko" on March 22, 2018. (ECF No. 28, PageID.154, 158; ECF No. 31, PageID.178.) But if the 60-day clock started on March 22, then USPS' answer was not due until May 24, 2018; and USPS filed its motion to dismiss on May 21. So it *appears* that under the hand-delivery method of serving the United States Attorney, USPS' motion was timely by three days.

The Court used the word "appears" because USPS has complicated matters. Perhaps it was merely due to a misreading of one of Fox's filings, but, whatever the reason, USPS has stated that Fox hand delivered her complaint on March 19: "While not a part of the record, Fox, or someone acting on her behalf, personally delivered a copy of the summons and complaint to the Office of the United States Attorney for the Eastern District of Michigan on *March 19, 2018*. A copy of the summons bearing the date stamp and the notation 'hand RS' is attached as Exhibit A." (ECF No. 16, PageID.55 (emphasis added).) USPS also argues that 60 days from March 19, 2018 was May 19, 2018, which was a Saturday, so (under Rule 6) their response was due the following Monday, May 21, 2018. (ECF No. 16, PageID.58.) And that is the very date USPS filed its motion to dismiss. USPS even goes so far to say that Fox's assertion that its time was up on May 18 is "an error in the calculation."

By this Court's count, Fox is right—60 days from March 19 (day 1 being March 20) is May 18. And that was a Friday. So USPS was not entitled to wait until the following Monday, May 21, under Rule 6.

That said, the Court does not believe that Fox's hand delivery of her complaint started the 60-day clock. As USPS and the Magistrate Judge point out, Rule 4(c)(2) says that only a person who is "not a party" to the suit is eligible to personally serve the summons and complaint. Granted, as noted above, Rule 4 does not speak of service on the United States Attorney but instead "deliver[y]" and "send[ing]." But as stated before, when Rule 4 speaks of delivering and sending the complaint and summons to the United States Attorney it probably means "service" as that phrase is used in Rule 12. So Rule 4(c)(2)'s non-party rule probably does cover hand "deliver[y]" to the United States Attorney.

And even if that is wrong, Fox never clearly says to whom she gave her summons and complaint. Presumably, she gave them to Sisko. But there is no evidence that on March 19, 2018 Sisko was "the United States Attorney" or the "assistant United States attorney or clerical employee" on file with the Clerk of Court. In other words, even if Fox provided someone in the United States Attorney's Office with a copy of her complaint and summons on March 19, Rule 4 contemplates "deliver[y]" to specific persons. And Fox has not shown that she gave her papers to those specific persons.

That leaves the third route of serving the United States Attorney: "send[ing] a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office." Fox has not cleared at least two roadblocks on this route.

One is that her certificate of mailing indicates that she sent her complaint and summons to "United States Attorney E.D. Mi[ch]." (ECF No. 18, PageID.86.) But, again, Rule 4 contemplates

5

specific people. *See* Fed. R. Civ. P. 4(i)(1)(A)(ii). In fact, the committee note explaining the 1993 amendments to Rule 4 make the point explicit: "To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney."

The other reason that the certified mail route dead ends for Fox is that USPS filed timely under this scenario. USPS says that it did not *receive* Fox's mailing until March 26 or 27. If that is so, then its motion was timely by about a week. But Fox says that USPS' response clock started to run on the date she *sent* the complaint and summons, March 19. Assuming without deciding that dropping the complaint in the mailbox started the clock, it would be only fair if the USPS got the additional three days for service via mail. *See* Fed. R. Civ. P. 6(d). That means that USPS would have had 63 days to respond, or until May 22, 2018. Again, its motion was filed May 21.

That almost ends the inquiry into whether USPS filed its first responsive pleading on time. But Fox additionally argues waiver and estoppel. (ECF No. 28, PageID.154; ECF No. 31, PageID.177, 182.) Apparently, when she went to the United States Attorney's office, Sisko told her that they had already "received" her complaint via PACER or the Case Management/Electronic Case Files (CM/ECF) system. (ECF No. 28, PageID.154; ECF No. 31, PageID.177, 182.) Indeed, Fox even goes so far to say that Sisko told her that "they were already *served* electronically when I filed with the court 3-19-1[8]." (ECF No. 28, PageID.139 (emphasis added).) But the Federal Rules only explicitly provide for waiver of service for "individual[s], corporation[s], or association[s] that [are] subject to service under Rule 4(e), (f), or (h)." And USPS, the Postmaster General, or USPS employees sued for carrying out USPS business are not subject to service under Rule 4(e), (f), or (h). *See John v. Sec'y of Army*, 484 F. App'x 661, 666 (3d Cir. 2012); *Wagner v. McHugh*, No. 8:12CV174, 2013 WL 1148801, at *2 (D. Neb. Mar. 19, 2013). And even if the

6

United States Attorney's office can waive service, it is doubtful Sisko had that authority to do so or that her statement to Fox amounted to waiver.

In short, USPS cut it close. But, having looked at the issue completely from scratch, Fox has not shown that USPS filed its response to her complaint too late.

Moreover, even if USPS had filed its motion a day or two late, the Court would entertain (and in all likelihood grant) a motion to set aside the default. USPS has defended this case and any minor tardiness did not prejudice Fox. Nor did Fox properly obtain a default. "While the entry of default is a procedural formality, courts have held it is nevertheless a prerequisite to the issuance of a default judgment." *Sherrills v. Berryhill*, No 17-CV-00302017, U.S. Dist. LEXIS 58937, at *5 (N.D. Ohio Apr. 4, 2017) (citing Sixth Circuit and District Court cases)).

In sum, the Court overrules all of Fox's objections pertaining to her motion for default and the timeliness of USPS motion to dismiss. As that is all of Fox's objections (save for an all too-general "I object . . . the magistrate's entire Report and Recommendation"), the Court will accept the Magistrate Judge's recommendation.

* * *

For the reasons given, the Court ACCEPTS the Magistrate Judge's recommendation. While the Court questions whether Fox's claim against USPS or USPS employees under the Michigan Constitution is before a federal court on the basis of supplemental jurisdiction, neither party has objected to that determination. It follows that "defendants' motion to dismiss [is] GRANTED, that plaintiff's complaint [is] DISMISSED, and that plaintiff's motions [are] DENIED." (ECF No. 26, PageID.107; *see also* ECF No. 26, PageID.130.)

SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON

UNITED STATES DISTRICT JUDGE

Date: March 5, 2019

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 5, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

      s/William Barkholz
      Case Manager